**PetersonConners**

Attorneys and Counselors at Law

Rasheeda Z. Khan
Peterson Conners LLP
545 Metro Place South, Suite 435
Dublin, OH 43017
614-745-8849
*fax* 614-220-0197
RKHAN@PETERSONCONNERS.COM

October 15, 2024

**VIA ELECTRONIC MAIL ONLY**
Sheila Gay Lafferty
Assistant United States Attorney
Southern District of Ohio
sheila.lafferty@usdoj.gov

    Re:    *United States of America v. Sir Jeffrey Carroll*
             *Case No. 2:24CR00151*

Dear Ms.Lafferty:

Through this letter, I hereby request that you send or make available to my office, all discovery in the above-captioned case. This request encompasses all information discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure, authority cited herein, and the Magistrate Judge's Due Process Protections Act Order. Specifically, this request includes, but is not limited to:

A. **F.R.C.P. 16**

    1. <u>Statements of the Defendant</u>

<u>Written or recorded statements</u>. Any and all written or recorded statements made by the defendant (or copies thereof) within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known. This includes that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent regardless of whether the government intends to use same at trial.

<u>Oral statements</u>. The substance of any and all oral statements made by the defendant whether before or after interrogation by any person then known by the defendant to be a government agent that the government intends to use at trial regardless of whether the statement is recorded. See Rule 16(a)(1)(A). This request also includes the substance of the defendant's response to Miranda warnings. See United States v. McElroy, 697 F.2d 459, 465 (2nd Cir. 1982). (Reversal of defendant's conviction where the government failed to inform the defense that the defendant invoked his rights).

This request would include an agent's summary of the defendant's statement in a report and/or rough notes if they include the defendant's statement. See United States v. Johnson, 525 F.2d 999 (2nd Cir.) cert. denied, 424 U.S. 920 (1976). This request is not limited to statements which the government intends to introduce at trial. But rather, any statement the government intends to use at trial including as impeachment.

2. Oral Statements of Co-Defendants

Any and all statements made by Co-Defendants, material to resolving any issues of severance under Brunton v. United States, 391 U.S. 123 (1968); Cruz v. New York, 481 U.S., 186 (1987); Richardson v. March, 481 U.S. 200 (1987).

3. Defendant's Prior Record

A copy of the defendant's prior criminal record within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to your office. This request would include the defendant's entire criminal record, including all offenses regardless of the severity, known to the government or by the exercise of due diligence may become known. See Rule 16(a)(1)(D). This request would include discovery of all matters known to the government, or that may become known with due diligence, that may affect the defendant's criminal history score pursuant to U.S.S.G. Chapter 4.

4. Documents and Objects

The inspection, copying, or photographing of books, papers, documents, tangible objects, buildings or places or copies or portions thereof, which are within the possession, custody, or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at trial, or were obtained from or belong to the defendant. See Rule 16(a)(1)(E).

5. Reports of Examinations and Tests

Any and all results or reports of physical examinations and of scientific tests or experiments or copies thereof, which are within the possession, custody, or control of the government or by the existence of due diligence may become known to yourself, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial. See Rule 16(a)(1)(F). This request entitles the defendant to production of the results of tests such as, fingerprint, handwriting, and/or drug analysis or any psychiatric examinations of the defendant or any government witness.

6. Expert Witness Summary

A written summary of the testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary

must describe the witness's opinions, the bases and the reasons therefore, and the witness's qualifications pursuant to Rule 16(a)(1)(G).

B. **F.R.C.P. 12(a)(4)**

Pursuant to Rule 12(b)(4) of the Federal Rules of Criminal Procedure, I hereby request notice of which evidence the government intends to use in its case-in-chief.

C. **Brady v. Maryland**

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), I hereby request that I be provided with any exculpatory material which exists in this case relating to guilt and/or punishment. Should there be a question with regard to whether certain information constitutes Brady material, the information should be presented to the Court for view in camera to determine whether it should be produced.

D. **Jencks**

Pursuant to F.R.C.P. 26.2, I would request pretrial production of Jencks material. If pretrial Jencks is produced by the government, the defendant is willing to reciprocate in kind.

E. **Giglio Material**

Defendant requests, pursuant to Giglio v. United States, 405 U.S. 150 (1972), and its progeny, that the government produce any information known or reasonably discoverable by the government which might bear unfavorably upon the credibility of any witness expected to be called to testify by the government at trial. Such information should include but not be limited to: (a) the witness's prior criminal record to include pending cases; (b) any known instance of the witness having made a false statement to a law enforcement officer either before or after arrest in the instant case, or while under oath; (c) any direct or implied promises of benefit or leniency in whatever form, known to have been made with respect to this or any other case; (d) information, if any, related to the length and extent of the witness's addiction to narcotic drugs; and (e) the name and addresses of any person (s) known to the government to whom the witness has made statements concerning the subjects of the indictment, which statements were inconsistent with statements made by the witness to law enforcement officers.

F. **Search and/or Arrest Warrants and/or Title III Applications and Warrant/Application Affidavits/Inventories**

Copies of any and all search and/or arrest warrants, together with the warrant affidavits(s) relied upon during the course of the investigations; and any inventories prepared. Fed. R. Crim. P. 16 (a) (1) (C).

G. **Evidence of Bias or Motive to Lie**

The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant or has a motive to falsify or distort his or her testimony. Pennsylvania v. Richie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

H. **Evidence of Criminal Investigation of any Government Witness**

The defendant requests any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2nd Cir.), cert. denied, 474 U.S. 945, (1985).

I. **Evidence Affecting Perception, Recollection, Ability to Communicate Truth Telling**

The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F. 2d 213, 224 (4th Cir. 1; 1980) Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F. 2d 785 (5th Cir. 1979), cert, denied, 444 U.S. 1086 (1980).

J. **F.R.E. 404(b)**

Please provide me with notice of any evidence which you intend to introduce pursuant to Federal Rule of Evidence 404(b).

K. **Government Examination of Law Enforcement Personnel Files**

The defendant requests that the government examine the personnel files and any other files within its custody, care, or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents in this case. The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v, Henthorn, 931 F. 2d (9th Cir. 1991).

L. **Miscellaneous**

Please advise all investigating officers in this case that they should not initiate any contact with my client, and that any communication intended for him be made through me. All government agents should be further directed to preserve all of their rough notes.

Please send the above requested discovery to me as soon as possible, and/or notify me if other arrangements need be made. With respect to the inspection of physical evidence, please let me know when such evidence is available so that I may make arrangements to inspect it. The requests made above are of a continuing nature and presume that you will forward such information to me as it becomes available to the government. I will make every effort, if necessary, to reschedule my time to any reasonable arrangements that can be made with respect to the inspection of physical exhibits which cannot be copied. I would however appreciate your assistance in ensuring that discoverable material is made available as early as possible to avoid any unnecessary inconvenience

to the court. Accordingly, please notify me immediately as additional material becomes available. This discovery request is a continuing request.

      If you have any questions regarding the nature of this request, please do not hesitate to contact me. I look forward to your response.

                                                                  Respectfully,

                                                                  Rasheeda Khan