**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CASE NO. 2:24-cr-151 |
| v. | JUDGE EDMUND A. SARGUS JR. |
| SIR JEFFREY CARROLL, | |
| Defendant. | |

## DEFENDANT SIR JEFFREY CARROLL'S MOTION TO REVOKE DETENTION ORDER

Pursuant to 18 U.S.C. § 3145(b), Defendant Sir Jeffrey Carroll, through counsel, requests the Court to issue an order revoking the Detention Order imposed on October 7, 2024. (ECF No. 10.)  Mr. Carroll submits that the Pretrial Services Report relied on by the Magistrate Judge contained significant inaccuracies that justify further review by this Court.  Additionally, Mr. Carroll's learned of his sister's sudden death after suffering a stroke.  Funeral services will take place in Columbus, Ohio on December 4, 2024.

Mr. Carroll submit that there are conditions available to the Court that will ensure the safety of the community and his appearance at future proceedings in this case.  A Memorandum in Support of this Motion follows.

1

Respectfully submitted,

THE STAVROFF LAW FIRM

**/s/ Jeffrey T. Stavroff**
JEFFREY T. STAVROFF  (0087715)
772 South Front Street
Columbus, Ohio 43206
P: 614.817.1660
F: 614.368,1100
jeff@stavrofflaw.com

*Counsel for Defendant Sir Jeffrey Carroll*

## **MEMORANDUM IN SUPPORT OF DEFENDANT SIR JEFFREY CARROLL'S MOTION TO REVOKE DETENTION ORDER**

**I. Statement of the case.**

On October 1, 2024, Mr. Carroll was charged through a Criminal Complaint with Conspiracy to Possess with Intent to Distribute a Detectible Amount of Fentanyl under 21 U.S.C. § 846. (Complaint, ECF No. 1.) On the same day, Mr. Carroll appeared before this Court for an initial appearance, where a Magistrate Judge ordered Mr. Carroll temporarily detained pending a full detention hearing. (Temporary Detention Order, ECF No. 6.) On October 7, 2024, the Court held a detention hearing, where the Magistrate Judge found that Mr. Carroll failed to produce sufficient evidence to rebut the statutory presumption that no condition or combination of conditions will reasonably assure his appearance and the safety of the community. (Detention Order, ECF No. 10.)

On October 10, 2024, the Grand Jury for the Southern District of Ohio returned issued a three-count Indictment, charging Mr. Carroll with one count of Conspiracy to Possess with Intent to Distribute more than 400 grams of Fentanyl under 21 U.S.C. § 846, and two counts of Possession with Intent to Distribute more than 40 grams of Fentanyl under 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(B)(vi). (Indictment, ECF No. 12.) Mr. Carroll entered a plea of not guilty and has been detained since his arrest on October 1, 2024. (Minute Entry, ECF No. 16.)

**II. Argument.**

"If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b).

The Bail Reform Act establishes a presumption of release pending trial. 18 U.S.C. §

3142(b).  However, when a defendant is charged with a drug offense having a maximum possible prison term of ten or more years, the court is required to hold a hearing, if requested by the Government, to determine whether "any condition or combination of conditions set forth in . . . this section will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(1).  For matters of detention, "[t]he government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence."  *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004) (citations omitted).  The presumption of detention may be rebutted by the defendant, who may satisfy "his burden of production when he comes forward with evidence that he does not pose a danger to the community or a risk of flight."  *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citations and internal quotation marks omitted).  The defendant's burden of production is not a heavy one, but must contain some evidence.  *Id.* (citations omitted).

Mr. Carroll requests the Court to revoke the October 7, 2024 Detention Order.  The Pretrial Services Report,[1] ("Report") prepared by the Pretrial Services Officer, was made available to the Magistrate Judge and the parties on October 4, 2024.  The Report contained several significant inaccuracies that weighed against releasing Mr. Carroll pending trial.  The most significant inaccuracies in the Report concerned Mr. Carroll's "prior record":

- **August 12, 1998 arrest for Ohio state felony drug charges in Franklin County Court of Common Pleas, No. 18CR7207. (Page 4).**  The Report falsely states that the court "issued a capias for failure to appear on at least one occasion."  However, a review of publicly-available records shows that the indictment in that case was originally issued with a summons via certified mail, and that the summons and indictment were not deliverable because the clerk of

---

[1] The Pretrial Services Report referenced in this Motion is confidential and not a public record under S.D.Ohio Loc. Crim. R. 57.1 and 18 U.S.C. § 3153(c)(1).  Therefore, undersigned counsel is not attaching a copy as an exhibit.

courts had an "insufficient address." Consequently, the court issued a capias. Mr. Carroll appeared with counsel, who was able to persuade the court to recall the capias. Mr. Carroll was able to plead not guilty and remain free on his own recognizance for this case. (Df.'s Exhibit 1.)

- **July 17, 2009 arrest for Ohio state misdemeanor operating a vehicle while under the influence and endangering children charges in Franklin County Municipal Court, Nos. 2009TRC169018 and 2009CRB016832. (Page 5.)** The Report falsely attributes these cases to Mr. Carroll. However, a review of publicly-available records shows that the defendant in those cases was Mr. Carroll's brother, who has a very similar name but different date of birth: Sir J Carroll, born July 14, 1968 (Mr. Carroll, the defendant in this case, was born May 30, 1972.) (Df.'s Exhibit 2.)

- **January 29 and February 12, 2013 arrests for Arizona state felony drug and money laundering charges in Maricopa County Superior Court, No CR2013-104967. (Pages 5-6.)** The Report lists an "unknown disposition." Publicly-available records show that the cases were dismissed with prejudice at the defense's request based on prosecutorial misconduct. (Df.'s Exhibit 3.)

- **January 20, 2023 arrest for Ohio State felonious assault charge in Ross County, Ohio. (Page 6.)** The Report lists an "unknown disposition." Upon information and belief, Mr. Carroll was serving a prison term at Lorain Correctional Institute within the Ohio Department of Rehabilitation and Corrections at the time of this alleged offense. Further, a structured search of publicly-available records from the state courts in Ross County, Ohio (Ross County Court of Common Pleas and Chillicothe Municipal) show that Mr. Carroll was never arrested or charged with felonious assault at any time. (Df.'s Exhibit 4.)

Under both concerns of the Bail Reform Act—appearance at future proceedings and the safety of the community—Mr. Carroll has met his burden to sufficiently rebut the presumption of detention. As to his likelihood of appearing in future proceedings, the Report does not contain credible allegations that Mr. Carroll has failed to appear for proceedings in the past. The only reference of his alleged failure to appear—the 1998 Franklin County Court of Common Pleas case referenced at Page 4 of the Report—cannot be fairly assessed to Mr. Carroll because the clerk of courts in that case did not have a good address to send notice to Mr. Carroll. And when that court issued a warrant, Mr. Carroll acted responsibly—he went to court, sought the

5

assistance of counsel, persuaded the court to recall the warrant, and entered a not guilty plea.

As to the safety of the community, Mr. Carroll has never been convicted of felony or misdemeanor offense of violence. His record of past convictions was overwhelmingly drug-related. Additionally, the vague description in the Report of a 2023 arrest for felonious assault in Ross County cannot be fairly attributed to Mr. Carroll because he was serving a prison term within the Ohio state penal system. There are also no records that Mr. Carroll was, in fact, arrested or charged with that crime. Additionally, the Report emphasizes the existence of a detainer lodged by the Ohio Adult Parole Authority as a basis for his detention. However, the same Report also mentions that Mr. Carroll's state Parole Officer "filed a detainer *due to his arrest for the alleged instant offense*." (Page 6 (emphasis added).) The detainer did not exist before the charges were filed in this case.

The Report focuses heavily on Mr. Caroll's past record, but also highlights significant factors that demonstrate the Court's ability to fashion conditions that will adequately address the dual concerns under the Bail Reform Act. One of those factors requires the Court to take into account Mr. Carroll's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. 3142(g)(3)(A). Mr. Carroll's life is based in Columbus, Ohio; he lives there, his mother and 4 siblings live there, his girlfriend of 10 years lives there, and his 6 children live there. He has never traveled outside of the United States and does not hold a Passport. He also has a history of employment as a carpenter with his brother. These factors suggest that Mr. Carroll has established deep roots in the central Ohio area.

Mr. Carroll submits the following conditions that will ensure his appearance at all proceedings and the safety of the community:

- **Reside with his mother in Columbus.** The Pretrial Services Officer confirmed that Mr. Carroll's mother is willing to accept and allow Mr. Carroll to live with her if released. His mother's home is capable of receiving location monitoring services.
- **Maintain his carpentry employment.**
- **Report on a regular basis to a Pretrial Services Officer.**
- **Report on a regular basis to his Ohio Adult Parole Authority Officer.**
- **Abstain from alcohol and drugs with random testing to ensure his sobriety.**

*See* 18 U.S.C. 3142(c)(1)(B) (enumerating appropriate conditions of release).

During the preparation of this Motion, Mr. Carroll learned that his sister, Angela Bailey, tragically passed away after suffering a stroke. (Df.'s Exhibit 5.) Funeral services are planned for December 4, 2024 in Columbus, Ohio. (*Id.*) If the Court grants this Motion and revokes the Detention Order in favor of conditions of release, Mr. Carroll requests permission to attend his sister's funeral services.

For the above-stated reasons, Mr. Carroll requests the Court to grant this Motion and issue an order revoking the October 7, 2024 Detention Order.

        Respectfully submitted,

        THE STAVROFF LAW FIRM

        **/s/ Jeffrey T. Stavroff**
        JEFFREY T. STAVROFF  (0087715)
        772 South Front Street
        Columbus, Ohio 43206
        P: 614.817.1660
        F: 614.368,1100
        jeff@stavrofflaw.com

        *Counsel for Defendant Sir Jeffrey Carroll*

## **CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was submitted electronically via the Clerk's CM/ECF filing system on November 26, 2024 to all parties of record.

**/s/ Jeffrey T. Stavroff**
JEFFREY T. STAVROFF (0087715)
